ROBERTS ET AL. *v.* LYON CO.

[86 South. 851, No. 21578.]

APPEAL AND ERROR. *Stenographer's transcript stricken, when not a
transcript of evidence on which case tried.*

  A stenographer's transcript of the evidence will be stricken from
  the record on motion, when it appears from the record not to
  be a transcript of evidence taken on the trial in which the de-
  cree appealed from was rendered.

APPEAL from chancery court of Jackson county.
HON. W. M. DENNY, JR., Chancellor.

Suit by the Lyon Company against R. A. Roberts and
others. Judgment for complainant, and defendants ap-
peal. On motion to strike stenographer's notes from the
record. Motion sustained.

*R. L. Bullard,* for appellants.

*White & Ford,* for appellee.

No brief of counsel for either side found in the record.

SMITH, C. J., delivered the opinion of the court.

This cause comes on to be heard on a motion to strike the stenographer's notes from the record; the ground of the motion being that the transcript is not of the evidence on which the case was tried. It appears from the record that the answers of the appellants to the bill of complaint were filed at the November, 1918, term, and were amended in material particulars at the succeeding May, 1919, term. At the following November, 1919, term an order was entered reciting that:

"By agreement of parties, this cause is hereby set for trial in vacation at Pascagoula, before the court in chambers, on the 3d day of December, 1919, on pleadings; oral and record proof to be offered at the hearing."

The final decree, which was entered at the May, 1920, term recites:

"The above-styled cause having been set down for hearing at a prior term of this court, on pleadings, process, and oral and record proof to be offered at the hearing, and the testimony and argument of counsel having been heard in this cause in vacation, by agreement of the parties on a former day, and the court, having thoroughly considered said matter, is of the opinion," etc.

The transcript of the evidence filed by the stenographer begins as follows :

"Be it remembered that on, to-wit, the 19th day of May, A. D. 1919, the same being a day of the regular May, 1919, term of the chancery court in and for the county of Jackson, state of Mississippi, this cause coming on for hearing before the Honorable W. M. Denny, Jr., chancellor of the Eighth chancery court district of Mississippi, the following, among other proceedings, were had and entered of record, to wit," etc.

The certificate of the stenographer at the end of the transcript is, in part:

"That the foregoing pages contain a true and correct transcript of the testimony offered on the trial of the cause of the Lyon Company, complainant, versus R. A. Roberts

and Richard Roberts, defendants, No. 3821 on the chancery court docket of Jackson county, Mississippi, tried during the May term, A. D. 1919, of the chancery court in and for the county of Jackson, state of Mississippi."

This transcript was not approved by counsel or by the chancellor. The appellee has filed affidavits setting forth that the cause was set down for trial at the May, 1919, term of the court below, but after the evidence had been introduced the appellants amended their answers as hereinbefore set forth, whereupon the trial was discontinued and the cause remanded to rules at the request of the appellee; that when the cause was tried in vacation on December 3, 1919, all of the witnesses who had formerly testified were again introduced and testified *de novo,* their former testimony being disregarded, and that several new witnesses were then also introduced; that the stenographer who reported the evidence at the May, 1919, term, and who certified to the transcript, resigned before the cause again came on for trial, and a different stenographer reported the evidence introduced before the chancellor, in vacation, on which the decree appealed from was rendered. These affidavits are objected to by the appellants, on the ground that the record cannot be contradicted by parol.

It will not be necessary for us to pass on this objection, for the reason that, if we disregard the affidavits altogether, and dispose of the motion on the record alone, it must be sustained. The order entered in November, 1919, setting the cause for trial in vacation, recites that it is to be heard on "oral and record proof to be offered at the hearing," and the final decree recites that the testimony was "heard in this case in vacation." The evidence transcribed by the stenographer, therefore, according to the record, is not that introduced on the trial before the chancellor in vacation in December, 1919, on which the decree appealed from was rendered, but is the evidence introduced on a trial on "a day of the regular May, 1919, term of the court."

*Motion sustained.*